JOSEPH S. COHU *et al.*, as Administrators etc. of Henry S. Cohu, Deceased, Respondents, *against* JOSEPH HUSSON, Appellant.

(Decided April 4th, 1887.)

Upon an exchange of two promissory notes of the same date and amount, for the mutual accommodation of the makers, one of them, who has taken up and paid the note made by him, after it has been discounted by a third party, may maintain an action against the other on the note made by the latter, even though the latter may have had a defense on his indorsement of such plaintiff's note, for usury between himself and such third party, valid as against the latter; or although plaintiff, to take up the note made by him, gave other notes in exchange therefor.

Cohu *v.* Husson.

In such an action against the maker of a note, by administrators of the payee, who had taken up the note made by their intestate, defendants set up as a counter-claim a note made by the intestate payable to defendant's order. Plaintiffs' reply denied that such note had any legal inception, and alleged that it was one of a series of notes given to defendant without consideration and for his accommodation; and they put in evidence a note made by defendant for the same amount, dated the same day and payable at the same time to the order of their intestate. *Held*, that it might be inferred that the two notes were exchanged, one for the other; and on appeal, it would not be presumed, from the fact that both were in the possession of defendant, that his own note had been paid by him, it appearing that when he testified in his own behalf on the trial he was silent in regard thereto, and that he had admitted, to the intestate's indorsee of the note in suit, his liability thereon, making no claim of the liability of the intestate on his note which he then had in his possession.

Upon the trial, the court, over defendant's objection, allowed one of the plaintiffs to testify that actions were brought on two similar notes of defendant, in one of which plaintiffs obtained a judgment, while the other was still pending. *Held*, that this was improper, but it was not error to refuse to strike out the answer, defendant's remedy being to ask the court to instruct the jury to disregard such evidence.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Edward P. Wilder*, for appellant.

*Abram Kling*, for respondent.

J. F. DALY, J.—The action was brought upon a promissory note for $750 dated December 11th, 1878, made by Joseph Husson the defendant, to the order of Henry S. Cohu, plaintiffs' intestate, payable five months after date at the Brooklyn Bank in the city of Brooklyn. It was an exchange note, Cohu having made and delivered to Husson his own note of the same date and amount, which Husson used, having it discounted by George B. Ripley & Co., and which, after it fell due and was protested, was taken up by the administrators of Cohu with two other notes of his

which had also been discounted for Husson by Ripley & Co., all three aggregating $2,200. Cohu in his lifetime had paid $1,700 to Ripley & Co. on account of the three notes, and after his death A. B. Cohu, one of his administrators, gave his own note to the holders for the balance and received the notes for the estate. This gave the administrators the right to recover upon the notes of Husson which had been given to Cohu in exchange for the latter's notes thus paid and taken up by him and by his estate. Each party, upon an exchange of notes, is bound to pay his own, and this action is properly brought upon defendant's note (*Wooster* v. *Jenkins*, 3 Hill 187).

The answer sets up the agreement which the law implies, viz.: that each was to pay his own note, and that neither note was to have vitality as against the other unless they were so respectively paid. The defense pleaded was that Ripley & Co. were still the holders of Cohu's note, but on the trial it was shown they had been paid as above stated, and that his administrators held them, and the defense therefore failed.

It is urged, however, on this appeal, that plaintiffs should not recover because the said three notes of defendant are set forth in the inventory of the estate of Cohu as "accommodation" notes which "represent the amount of $1,700 paid by deceased:" also that the administrators, in making personal demand of payment of defendant before action, did not claim upon defendant's three notes, but on the notes of their intestate, which they had taken up, and that the plaintiffs on the trial claimed to recover on such notes: and the argument is that those notes were discounted by Ripley for Cohu's benefit and not for defendant's, and therefore that defendant's notes given in exchange for them never became legal obligations. All the elaborate speculation on this point in appellant's brief, goes for naught, however, in the face of defendant's admission in his answer that he used the plaintiff's intestate's notes and transferred the same to George B. Ripley & Co., and his statement on the trial that he got the money on them.

Cohu v. Husson.

It is also urged that neither Cohu nor his administrators had the right to take up his notes, as Husson might have a good defense upon his indorsement as against Ripley & Co. who had, it is alleged, discounted them usuriously for less than their face. As an exchanged note is given for value and may be sold for any sum less than its face, there is no force in this objection (*Wooster* v. *Jenkins*, above cited).

The further objection is made that the administrators can recover on the notes of defendant no more in the aggregate than the $1,700 paid by Cohu on taking up his own notes; and that as they have already obtained judgment in another action upon another note for $750, the balance should be apportioned in some way upon the note in suit and the other unpaid note still held by them. The payment by the administrators of the difference between the $1,700 and the $2,200, which the notes aggregated, although such payment was by a note of one of them accepted by Ripley & Co., must be taken into account, the same as a cash payment, the presumption being that the maker of the note is solvent and will pay. But if it were not to be so considered, the recovery on the note in suit here, together with that in the former action, does not appear to be greater than the $1,700 cash paid by Cohu, and the defendant is not yet compelled to pay more upon his notes than Cohu was compelled to pay upon his. There is, however, no force in the objection.

The defendant set up in his answer as a counterclaim, a note made by Cohu on August 11th, 1879, for $750 payable two months after date to the order of Joseph Husson. The plaintiffs in their reply alleged that the said note had no legal inception, and was one of a series of notes given to the defendant without consideration and purely for his accommodation. The chief contention upon the trial was upon this issue, and the principal exceptions taken by defendant were to rulings upon evidence with regard to it.

The allegation of the reply that the note set up in the counterclaim was given for defendant's accommodation was amply proved. The plaintiffs put in evidence a note

of defendant for the same amount, dated the same day, and payable at the same time to the order of their intestate. It was to be inferred from the two obligations that they were exchanged, one for the other. The fact that both notes were in defendant's possession at the time of the trial is claimed to be evidence that his own note was taken up and paid by defendant after it had been used and discounted by Cohu, while Cohu had not paid his note on which the counterclaim is based, and that the latter is therefore established as a valid obligation in defendant's hands. To this, it is a sufficient answer to say that defendant, although he went upon the stand as a witness in his own behalf and testified, did not attempt to show that he had taken up and paid his own note, nor that Cohu had used and discounted it, and the presumptions from his possession of it are destroyed by this silence and his admissions. These admissions, as testified to by one of the administrators, and by Horace Ripley of Ripley & Co., respectively, were as follows: when Ripley & Co. held the notes above referred to as discounted by them, the defendant told Horace Ripley that he intended to pay the notes, and never at any time made any claim that Cohu owed him; and after the administrators had taken up the notes, A. B. Cohu, one of the administrators, went to him for payment, and he stated that he would pay them, that Cohu had nothing to do with them, and he never made any claim that he held any note against the estate, nor made any claim of any kind; but stated that the deceased loaned him his notes frequently when he wanted them, and that he got them discounted, and that the estate had nothing to do with paying them; he would settle with Ripley.

It was also shown by the introduction of a number of notes on both sides, that the deceased and Husson had exchanged notes frequently up to the time of the death of the former. Objection was made to the introduction of these notes on the part of plaintiffs, but they were properly admitted to show the course of dealing between the parties, and did not mislead the jury. In fact, as defendant pro-

duced a greater number of such notes than plaintiffs did, the real danger lay in their possibly deeming that the balance of indebtedness was against plaintiffs' intestate and finding accordingly. They found on the contrary for plaintiffs on the counterclaim, a result which was justified by the admissions of defendant, tacit and other, and by the production of the duplicate or exchange note of August 11th, 1879, to which I have already referred. All exceptions to the admission of these notes, and of admissions of defendant concerning them, and of the claim he made or did not make concerning them, are not well taken. The evidence was material.

The court excluded two notes offered by defendant as too remote to bear upon the issues because they were made in 1877, and the note counterclaimed was made in August, 1879. This was not error. The defendant had proved a larger number of notes than plaintiffs had, so that these were not essential to show a balance in his favor, and they had no relation whatever to the counterclaim. In proving the course of dealing between the parties, it was discretionary with the court to say how far back the proof should go, as long as all the evidence was of the same character. The exclusion of the mutilated note of the plaintiffs' intestate did no injury to the defendant, because, as has been said, the notes admitted showed a balance in his favor, and he had all the benefit of any inference from that fact. The exclusion of defendant's check, paid in taking up some note of the intestate which had not been proved, was not error.

The last exception remaining to be considered is that taken by defendant to the refusal to strike out the answer of the witness to the question, " What became of the other two notes which are mentioned in this inventory ? " The question was objected to, but the objection was overruled because the interrogatory was not improper and did not call for incompetent testimony. The answer: " On one of them suit was brought and judgment recovered about four weeks ago and the money was paid upon it. The other one is in suit still; and the third one is here," was,

however, improper, and might have been stricken out, with propriety, when the motion was made. I think it was not error, however, for the court to refuse to do so, the remedy of the injured party, in such a case, being to ask for instructions to the jury to disregard the evidence (*Platner* v. *Platner*, 78 N. Y. 101).

The jury had ample evidence before them upon which to find a verdict in the plaintiffs' favor; evidence which is satisfactory and convincing; and the verdict should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Judgment affirmed, with costs.